## PRACTICE—ATTACHMENT.

### EUSTACE S. S. CHITTENDEN vs. PATRICK BRADY.

*Attachment against* GREEN BARROW, *Sheriff of Macon County.*
*Motion to Dissolve Attachment.*

1. An alias fi. fa. from another court, cannot claim money, on motion, without producing the order of court, under which it was issued.

2. When an attachment has been granted against a Sheriff, for neglecting to levy an execution; he purges his contempt, by proceeding to sell all the defendant's property, and bringing the money into court, before the attachment issues; even though the whole fund may be absorbed by other executions.

The respondent, Green Barrow, Sheriff of the said County of Macon, moves to set aside the attachment against him, upon the above stated case, upon the following grounds:

First: That since granting the rule absolute ordering an attachment, and the issuing of the attachment itself, he has proceeded with said fi. fa. and sold all of the property, both real and personal, within his knowledge, belonging to the defendant, Patrick Brady, and brought the money into Court, where it has been distributed, by an order of Court, in exclusion of the fi. fa. of the plaintiff, Chittenden, to other fi. fa's, in favor of James A. Everett and others, against Brady.

Second: That the fi. fa. above stated, being an alias fi. fa. issued by the Clerk of the Inferior Court of Sumter County, was excluded from receiving the money, unless the plaintiff could show that the said fi. fa. had been issued, by the authority of the said Inferior Court of Sumter County. The plaintiff, failing to satisfy the Court that such an order did exist at the time, was excluded.

After a careful examination of the authorities, and the law, in relation to attachment for contempt; I am satisfied, upon a clear convic-

[Chitttenden *vs.* Brady.]

tion, that the respondent, Barrow, under the showing which he has made to the Court, and which has not been controverted, is entitled to a dissolution of the attachment, and to be discharged from the further operation of the same against him.

The process of attachment, it is said, may be divided into three classes: 1. Civil; 2. Criminal; 3. A compound of the Civil and Criminal.—1 *Comyn's D.* "*Attachment.*" Under the last division, we are to consider the question, which is before the Court. In cases of neglect of duty of a Sheriff, such as failing to collect or pay over money, when collected on execution, it is partly a criminal and partly a civil process. It is criminal in its form and effect, so far as it is intended to punish the Sheriff for the neglect. It is a civil process, as far as its effect is to compel the Sheriff to place the injured party in as good a situation, as he would have been in, had the Sheriff done his duty.

This proceeding by attachment, in England, is rarely granted by the Court, immediately against the Sheriff. For mal-practice in the view of the Court, he might be forthwith attached: but for a neglect of duty, the proceeding is always to shew cause: and upon his failing to shew cause, if he do not obey the process of the Court, he will be *amerced*, and the amercements will be increased, till he does obey.—2 *Hawk. P. C. Ch.* 22, *Sec.* 4.

In Georgia, as in the other States, the proceeding by attachment is a substitute for amercement, in which the offender was punished by fine to the King, and in which the remedy of the party injured was upon petition to the King, to be indemnified, out of the fine imposed. The inconvenience of this mode of proceeding was the reason why the Courts have substituted attachments, to compel the Sheriff to do justice to the injured party.—Daniel *vs.* Capens, 4 *McCord's R.* 237. Attachments, the object of which are purely to compel the payment of money, is said to be clearly, an execution upon the civil side of the Court, and does not differ from the nature of other civil demands.—1 *Cowen,* 136; *T. R.* 265; 4 *T. R.* 316, 809; 7 *T. R.* 156.

Where an attachment has issued, for neglect in failing to raise the money, upon fi. fa. if the party has sustained neither delay nor loss,

[Chittenden vs. Brady.]

then the Sheriff, by doing what he should have done, in the first instance, may be discharged. So, if he is prevented, by misfortune or otherwise; then, upon doing all that he can do, he is also entitled to discharge. So, intervening a rule absolute for an attachment, and the issuing of the attachment itself, if the Sheriff proceeds and sells all the property, belonging to the defendant, and applies the proceeds to older fi. fa's; upon shewing these facts, he is entitled to have the attachment dissolved, and set aside.—McLean *vs.* Du Bose, 1 *Bailey's R.* 646. Where a party is entitled to an attachment, but delays moving for the same, and the Sheriff, in the meantime, has proceeded and done all that he could do; he is entitled to a dissolution of the attachment.—7 *T. R.* 451, 453; Mongin *vs.* Cheney, 1 *Hill's R.* 145.

Having introduced the authorities here quoted and cited, let us apply the same doctrine, contained in them, to the case now before the Court. What are the facts in this case? They are, that a fi. fa. issued from the Inferior Court of Sumter county, at the instance of the plaintiff, Chittenden, against Brady, and was placed in the hands of the Sheriff, with instructions to raise the money upon it. The Sheriff neglecting to do so, at the September term, 1842, of Macon Court, the plaintiff's counsel moved a rule absolute against the Sheriff, directing him to pay over to plaintiff's counsel the amount due, with interest and costs, upon the said fi. fa. and that upon a failure to do so, an attachment do issue, upon application, against the said Sheriff, directing his imprisonment, until he shall purge himself of the contempt, by payment of the amount due upon plaintiff's fi. fa. The plaintiff, having obtained the rule absolute, remains inactive, and indulges the Sheriff, until the present term of the Court. In the meantime, however, the Sheriff has proceeded and sold all of the property, both real and personal, belonging to Brady, and brought the money into Court. The plaintiff's counsel comes into Court, contends for the money, and upon examination, for the first time, discovers that he has an alias fi. fa. issued by the Clerk of the Inferior Court of Sumter County. Having produced no order from said Court, authorising the Clerk of said Court to issue any such alias fi. fa. the fi. fa. of Chittenden was set aside, as a nullity, and the money applied to the payment of other fi. fa's, then in Court, contending for it.

B*

[Chittenden *vs.* Brady.]

Could a case be made out, in all respects, more completely analagous, than the case at bar, to the case already cited in 1 *Bailey's R.* 646 ? In the case cited, as in the case at bar, the Sheriff proceeded and sold all the property, belonging to the defendant, and it was applied to older fi. fa's, and this too, intervening the order for an attachment, and the issuing of the attachment itself. Having done so, the Court decided that he was entitled to have the attachment dissolved. The plaintiff has indulged the respondent. In doing so, he has enabled him to purge himself of the contempt imputed to him. He has done so, by selling all the property belonging to Brady, and has brought the proceeds into Court. The Court having excluded the fi. fa. he claims to be discharged from the operation of the attachment. The Sheriff has done all that he could do. He has brought all the money into Court; and that too, before the attachment issued. The indulgence is, and must be, to the benefit of the Sheriff.—7 *T. R.* 451, 453.

The position, assumed by counsel, in the argument, that the liability of the Sheriff is fixed, by the rule absolute for the payment of the debt, interest, and costs, and that he can be discharged upon no other grounds, is true, with some qualifications. If the party has suffered neither delay, nor loss, by the negligence of the Sheriff, he should be discharged. What delay has he suffered, in this case, that the plaintiff himself has not acquiesced in ? Having obtained an order for an attachment, at the September term of this Court, 1842, why has he failed to make application for it to be issued, until, by an order of this Court, his fi. fa. has been excluded, from receiving any portion of the money, raised from the sale of the defendant's property ? What loss has he sustained, by the act of the Sheriff ? To whom is it attributable, that his fi. fa. should be so irregular and defective, when brought into Court, as to be unable to claim money, to which it was justly entitled, had the proper evidence of its genuineness accompanied in ? Certainly not the Sheriff. It is his loss, who would attempt to collect money, upon an alias fi. fa. from another county, without first accounting for the original fi. fa. or producing some evidence, that the Clerk was authorised to issue such an alias.

Then, if the Sheriff is not held responsible, for the validity of the plaintiff's fi. fa. and by the indulgence given to him, since obtaining

[Chittenden *vs.* Brady.]

the rule, and before the issuing of the attachment, he has gone forward and done all that he could do, by bringing the money into Court, upon the sale of all of the defendant's property; and this money having been taken from this fi. fa. and applied to others of younger dates, without resistance being made by the plaintiff; upon the clearest principles of justice, sustained and supported by the authorities introduced, herein before cited, I cannot hesitate to dissolve the attachment. The argument of counsel, that the debt was fixed upon the Sheriff, by the rule absolute, and that it was his duty to procure the necessary evidence of the validity of the fi fa. for his own indemnity, cannot control this case. The Sheriff stood in contempt, and he could purge himself, in one of two ways; either by paying the money himself, and taking control of this fi. fa. or by going forward, and selling all of the property, belonging to the defendant, that could be found, and placing the plaintiff in as good situation, as he would have been in, had he done his duty, in the first instance. This he has done. He has placed him in this situation; and has therefore purged himself of the contempt, for which he stood committed.

For these reasons, it is very clear, that the attachment should be dissolved. It is therefore ordered by the Court, that the attachment, in this case, be dissolved, and the Sheriff discharged, from the further operation of the same.

W. J. PATTERSON & B. HILL, for plaintiff in fi. fa.
A. M. D. KING, GEO. W. TOWNS, for the respondent.